Dear Commissioner Terrell:
Your request for an Attorney General's opinion has been assigned to me for research and reply. You note that Title 18, Section 193 (G)(1) of the Louisiana Revised Statutes governs the instances in which challenges of voter registration may be made by Registrars of Voters and the procedures for those challenges. Questions have arisen as to whether this statute authorizes challenges only to fraudulent information provided in initial registrations or permits question of fraudulent address changes provided at a later date. Thus, the Department of Elections and Registration seeks an opinion on the following questions:
 1. Does La. R.S. 18:193 (G)(1) or any other state statute permit Registrars of Voters to challenge the registration of a voter who provides a believed fraudulent change of address?
 2. If so, would challenging that voter violate the National Voter Registration Act or any other federal elections law?
 3. If a Registrar can challenge a fraudulent change of address, what procedure should the Registrar implement? (e.g., should the submitted change be held or processed)
LSA-R.S. 18:193 provides, in pertinent part:
 A. When the registrar has reason to believe that the name of a person has been illegally or fraudulently placed upon the registration records, that a registrant no longer is qualified to be registered, or that a registrant has changed his residence, he shall immediately notify the person by sending the address confirmation card to the registrant and place the voter on the inactive list of voters. However, a person shall not be placed on the inactive list of voters if there is address information available to the registrar from the United States Postal Service or its licensee which indicates the voter has moved to another address within the parish.
 G.(1) If the registrar has reason to believe that the name of a person has been illegally or fraudulently placed upon the registration records or that a registrant no longer is qualified to be registered for a reason other than a change of residence or address, he shall immediately notify the person. The notice shall be mailed first class, postage prepaid, to the address on file at the registrar's office.
 (2) The notice shall state the alleged irregularity in the registration and shall inform the person that he must appear in person at the office of the registrar of voters within twenty-one days after the date on which the notice was mailed to show cause why his name should not be removed.
 (3) If the registrant fails to appear within the required twenty-one days, the registrar shall cancel his name from the list of eligible voters. If the registrant appears and shows cause within the twenty-one days, the registrar shall not cancel the registration.
 (4) Records of such activity shall be maintained in accordance with the provisions provided in Subsection F of this Section.
 H. If the registrar determines that a voters registration has been cancelled through error of the registrar, the registrar shall reinstate the voter's registration as though the cancellation had never occurred and shall notify the registrant of the reinstatement.
 * * *
We opined in Attorney General Opinion No. 96-341 that if a registrar has personal knowledge of one of the three irregularities in R.S. 18:193 [(1) reason to believe that the name of a person has been illegally or fraudulently placed upon the registration records, (2) registrant no longer qualified to be registered, (3) registrant has changed his residence], or citizens inform the registrar of such, the registrar has the right to challenge the registrant and cancel his registration, if appropriate. However, the question remains whether a registrar can use the 21-day notice challenge, rather than just the address confirmation, when the registrar has personal knowledge or is informed of a fraudulent address change.
Under Paragraph A of R.S. 18:193, the registrar shall send an address confirmation card when the following occurs:
 (1) registrar has reason to believe that the name of a person has been illegally or fraudulently placed upon the registration records;
 (2) registrar has reason to believe a registrant no longer is qualified to be registered;
 (3) registrar has reason to believe that a registrant has changed his residence.
Under Paragraph G of R.S. 18:193, the registrar shall send a 21-day notice when the following occurs:
 (1) registrar has reason to believe that the name of a person has been illegally or fraudulently placed upon the registration records;
 (2) registrar has reason to believe a registrant no longer is qualified to be registered for a reason other than a change of residence or address.
We have been informed that the uncertainty occurs when the registrar has reason to believe that the registrant no longer is qualified to be registered because he submitted a fraudulent change of residence or address. It has been suggested that this law means that the registrar can only send the 21-day notice if (1) the registrar has reason to believe that the name of a person has been illegally or fraudulently placed upon the registration records when the registrant initially registered, or (2) that the registrar has reason to believe a registrant no longer is qualified to be registered for a reason other than a change of residence or address which does not include a fraudulent address, because same is considered just a change of address requiring only the address confirmation card.
In answer to your questions, we must rely on the basic principles of statutory interpretation. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." LSA-C.C. Art. 9. We are of the opinion that R.S. 18:193 is clear and can be applied as written.
Since R.S. 18:193 (G)(1) allows the registrar to send a 21-day notice when the registrar has reason to believe a registrant no longer is qualified to be registered for a reason other than a change of address, we are of the opinion that a fraudulent address is a reason other than a change of address, because it is not in fact a change of address. Thus, our response to your first question is yes, R.S. 18:193 (G)(1) can be interpreted to allow the Registrars of Voters to challenge the registration of a voter who is believed to have provided a fraudulent change of address to the registrar.
With regard to your second question, 42 U.S.C. 1973gg-6, Section 8 (b) requires that a State's program to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1964, and shall not result in the removal of the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person's failure to vote. We are of the opinion that R.S. 18:193 is uniform, nondiscriminatory, is in compliance with the Voting Rights Act and has been administratively approved thereunder by the U.S. Department of Justice, and does not remove a person's name for failure to vote.
With regard to your third question, we are of the opinion that the 21-day notice is the proper procedure to follow when the registrar has reason to believe that a registrant submitted a fraudulent change of address. Thus, the submitted change would be processed and if the registrant fails to appear within the 21-day period, his registration shall be cancelled.
Trusting this opinion addresses all of your questions, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;jv